WEIGHT, J.
The exceptions filed by the administrators to the report of the master will be considered in their order.
The first exception embraces four distinct elaims'which it is objected were improperly allowed, because they were barred by the statute of limitations. The first is a note given to one Jolly, and payable on demand. This court has frequently decided that such a note is not due, and will not draw interest, until demanded. There is no evidence of any demand of this note until its exhibition to *the master: it was properly allowed by him. The second is [527 a note which fell due in 1820, and barred, if at all, under the limitation act of 1810; (1 Ch. O. L. 655.) Under that act no bar was provided against the action of debt on simple contract, and none was provided by any law against that action until 1824; 2 O. 389. As debt could be brought on this note, equity will not hold it barred absolutely, because the election of the payee may bring it within, or place it without the statute. He asserts bis claim in this court, and in that way evinces his desire to place it beyond the reach of the statute. The third and fourth are demands which were presented to the former administrator before the time limited by the statute had run. The first-exception is therefore disallowed.
1. The second exception is to a claim of the Miami Shporting Company, because it has been before paid. That claim is a judgment *542 in the Court of Common Pleas. The evidence on which it is claimed to be paid, are 1. A paper signed by N. Guilford (who describes himself assignee of the judgment) releasing the demand to the administrator of St. Clair in consideration of a transfer to him of a mortgage and judgment held by the administrator against one Baymiller. No evidence is exhibited of Guilford’s authority to release, or in any way to intermeddle in this business — his acts, therefore, are those of a stranger. The burthen of proving the authority and payment was upon the administrator. The exception must be disallowed; but we will listen to an application to let in such proof if made within a reasonable time.
3. The third exception is to the allowance of the claim of Gano, which it is alleged was barred by the statute. From the evidence returned, it appears this demandes evidenced by a judgment recovered in 1819 by the Miami Exporting Company against Gano and one Shepard jointly, on a note of Shepard endorsed by Gano and St. Clair. About $400 of the judgment was paid in 1830, of which $307.17 w-ere paid by Gano. No other evidence is offered of any further payment, but a paper purporting to be an assignment of a part of said judgment ($917.38) to Gano is exhibited, dated in 1827. This appears to assign a judgment rendered more than two years before the judgment in question. There is error in this matter, but what it is we know not. There is no evidence that Gano was a joint security for Shepard with St Clair, or that any steps by notice or otherwise were taken to charge St. Clair as endorser, or as co-security. If the claim result from the note itself, which bears date in 1820, it would not be barred, under the statute of 1810, provided the party asserted it at law in the proper way, as he may be supposed 528] *to do here. If at the date of the supposed assignment in March, 1827, or of the previous settlement spoken of in 1826, more than six years had elapsed before the presentation to the master, the claim might be barred under the act of 1824; but if the claim arose out of the payment by Gano in 1830, it is not barred. In this uncertainty as to the claim, the safest way is to allow the exception, and suspend the claim, leaving the party to adduce proof as he may be advised. The third exception is therefore allowed.
4. The fourth exception is to the rejection of a claim of the former administrator, Lytle, for $1,483, for his per cent, on $16,3S8, claimed to have been disbursed by him, and for his extra expenses concerning the estate. The evidence is, that the probate court allowed him $1,223.64, and there is no proof to show that allowance insufficient; the master was right as to this demand. The fourth exception is disallowed.

Veto Viti,

a purchaser of a portion of the scheduled property, aliened of a prior date, excepts to this supplemental report and the proposed correction, because he is a bona fide purchaser, of prior date, without notice, and the correction will subject him sooner.
5. The fifth exception is, that the master rejected several demands on account of disbursements for taxes, payments, &c., in and about portions of the real estate, made since the death of St. Clair. There is nothing before us to show on what particular portions of the estate these expenses were incurred. If the lots upon which this expense was incurred were improved lots, they are chargeable upon the rents and profits. If the expenditure were upon unimproved lots, it is barely possible the amount paid upon each lot may be asserted as a lien upon such lot, but of that we have no evidence. We cannot regard these as claims upon the estate in the first instance. This exception is disallowed.
It is certainly singular, though not the most singular feature in this complicated suit, that many of the objections by the administrator (acting for the estate and the heirs) to the proceedings of the master, are to his rejecting doubtful claims upon the estate to a large amount. If he feels it to be unconscionable to leave these demands unpaid, we are unable to see why he does not pay them. It requires no order of this court to enable him to pay honest demands.
By agreement of the parties the case was then recommitted to. the master, to correct certain calculations, and amongst others, that upon which the amount of the decree of the last term was settled in favor of the complainant.
The master presented a supplemental report, in which he stated that ha had ascertained since his report, that a deed of conveyance for a portion of the estate in dispute, was omitted in the report by mistake; he proposed so to amend his report, as to place that prop*erty on the schedule of lots claimed, in the name of the [529 grantee of that deed.
WRIGHT, J. This deed was recorded, but the recorder in searching for conveyances, in the multitude of them, by mistake overlooked this. Will chancery hold parties bound t.o a mere error in the proceedings while the case is in court ? It would be a strange 'court of equity if it did. But the recording a deed is to give notice to purchasers of the same property, not to notify an after purchaser of other property, of the same individual. The question be *544 fore us is not one of notice to an after purchaser of the same property; but if it were, the/aci of the deed being on record would be conclusive, the mistake of the recorder in overlooking it could not have the effect of divesting the legal title from one guilty of no Jaches or fault. The principle which protects an after purchaser without notice, has no application to the case before us. The question is one of mere priorty of conveyance, as a fact; and-whether the deed was recorded or not, we do not see how the ■question between these parties can be affected by it. All who deal with heirs for lands coming to them by descent, deal at their peril as to the ancestor’s debts, and must see to their title. The party now excepting is not only in this difficnlty, but is involved in perhaps a still greater one. All his rights accrued pendente lite. The exception is disallowed.
Fox and Haines for the administrator,
excepted to this report, ' because the sum included about $2,000 due on Baymiller’s notes, which were paid, and are barred by the statute, and because, in the calculation of interest, the master made a rest at the time of the payment upon the mortgage of the complainant, deducted the payment, and then cast interest on the balance. The exception was argued at length.
The master having also reported that there was due" to the complainant at the date of the decree, the sum of $22,916.20, instead •of the sum of $22,913.97, as found by the court, that is $2.23 more than was before found.
WRIGHT, J. The amount found by the court and by the master as due the complainant, is resisted with much more than usual warmth.
The objection to the 2,000 and odd dollars is, first, that it has ■530] *been j>aid, and second, that it is barred by the statute of limitations. If paid, it is incumbent on the administrator to jnrove payment, it is prima facie a debt, and no evidence at all is offered to prove the payment except the opinion of a man by the name of ttirby, who seems always at hand with a deposition, whenever anything is decided against his notions, and to be blessed with a conscience that enables him to swear with equal confidence as to matters known only to others, as he does things known to himself. Kirby was sworn as witness in the cause, and heretofore undertook to tell all he knew. He now asserts that Thomas Morris can prove what is necessary — still no proof is exhibited. As to the bar of the statute, *545 we have already onoe or twice decided in this case that an objection of that kind will not hold as to a debt of the date of this. Moreover, this claim has been adjusted by two juries long before this court had anything to do with it. When shall the amount be held as adjusted?
As to the general report of the amount due, the parties agreed to recommit to the master, to correct some errors in calculation, which 'it was supposed the court had fallen into. The result increases-the charge upon the estate, and the parties must abide by it, unless some error is made manifest to our understanding. We do not see any. The exceptions to the master’s supplemental report are disallowed.
The Miami Exporting Company filed sundry affidavits, alleging the discovery of a mistake of several thousand dollars against them in their claim upon the estate, and filed exceptions to the report of the master.
WRIGHT, J. These exceptions cannot be permitted to be filed. The claimants have had a full opportunity to establish their claim before the master — it consists of hut one item, a judgment; and he allowed all that was claimed — two exceptions were filed by the administrators, opposed by the Miami Exporting Company, and disallowed — now they claim 'that they have given credit for several thousand dollars, which they ought not to have given, and would proceed by exception to establish their right; that cannot be done in this way. The exceptions are disallowed; what other course is open to the party it is not material for us now to decide.
It is admitted at the bar that the estate of St. Clair is abundantly sufficient to pay the demands against it. Many of the inquiries made by the master were directed,-with the design of ascertaining that fact, because, if the estate was insolvent, the complainant would only be entitled to a pro rata allowance out of the common fund, *his proceeding being in that aspect of the case, for the benefit [531 of all the creditors, who should be admitted by the court. But as-the estate is now found solvent, equity does not require of the complainant to embarrass himself with the collection of funds to pay other creditors, and common justice will leave him at liberty to proceed and make his own debt, leaving the other creditors to assert and prosecute their claims as they may be advised. Under certain restrictions, they may proceed in this suit, as the court has the subject before it, and can do justice. Our rules will require them to become themselves the actors for their respective claims, *546 contributing a proportion of the complainant’s extra expenses, and relieving him from future responsibility, a further decretal order will be drawn up on these principles, and allowing the complainant to proceed by sale to make his money: (2 Mass. 259 to 299; 2 John. Ch. 655.)

V. Worthington,

for the Miami Exporting Company, then asked and obtained leave to withdraw its claim, and present it de novo to the master.
The court is also advised by the counsel for the administrator that certain of the claims reported upon by the master are no longer to be disputed, which will be noticed in the decree, and that the claim of the Miami Exporting Company is designed to be disputed.
The court then ordered a confirmation of the master’s report as to the claim of the complainant; and as to Jolly, Haines, Chute, Johnston, Fosdick, Wallace, Kent, Cleardale, Morgan, Lodge & Co., Riddle, Stone, and Springman, and Kneply, and directed the master in case the said claims with interest and costs were not paid in ninety days, to proceed to sellso much of the estate of St. Clair, in Hamilton county, as might be necessary to raise the money, with accruing interest and costs, first, selling that held by the heirs jointly, second, that held by them in severalty, and third, that aliened by them since the 10th of July, 1828, beginning with the last sold and proceeding back in order.
And the court finding the estate solvent, gave leave to other creditors to file suggestions of their claims with the clerk, and to proceed before the master at their own expense, to establish them by legal proof, to be reported at the next term.
By agreement the master was ordered, in valuing for sale, to value improvements made on the lots by alienees, and to sell for one-fourth cash, and the remainder in six, twelve, eighteen and twenty-four months, on interest to be secured by mortgage.
The master was also directed to state an amount of the expenses and charges paid by the complainant in prosecuting this suit, and 532] *to apportion the same among the claimants, including himself, and for the coming of the reports, and further order, the cause was continued.
[Mentioned as on same facts, Piatt v. St. Clair, 7 O. 2d pt. 165. Recorded deed is notice, although overlooked by recorder, cited in dess, op.; Jennings v. Wood, 20 O. 251, 278.]